

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2002

# USA v. Dowe

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Dowe" (2002). *2002 Decisions.* Paper 441.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/441

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2823


UNITED STATES OF AMERICA

v.

PATRICE DOWE,
a/k/a Patrick Winters,
a/k/a "Patrick"

Patrice Dowe,
Appellant


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 99-cr-00060-5)
District Judge:  Hon. Stephen M. Orlofsky


Submitted Under Third Circuit LAR 34.1(a)
July 22, 2002

Before:  SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Filed: July 25, 2002)


OPINION OF THE COURT SLOVITER, Circuit Judge.

Patrice Dowe appeals the judgment of sentence.  After indictment in the United States District Court for the District of New Jersey, Dowe pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, contrary to 21 U.S.C.  841(a)(1), in violation of 21 U.S.C.  846.  The District Court sentenced Dowe to 135 months.  In this appeal, Dowe challenges the District Court's denial of his motion to withdraw his guilty plea pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure and the District Court's denial of a downward adjustment as a minimal participant under  3B1.2 of the United States Sentencing Guidelines.  We will affirm.

The District Court had jurisdiction under 18 U.S.C.  3231.  This court has jurisdiction pursuant to 28 U.S.C.  1291 and 18 U.S.C.  3742.

I.

Dowe first argues that the District Court abused its discretion in refusing to permit him to withdraw his guilty plea.  Under Rule 32(e) of the Federal Rules of Criminal Procedure, a District Court may permit a defendant to withdraw his guilty plea before the sentence is imposed "if the defendant shows any fair and just reason."  Fed. R. Civ. Proc. 32(c).  The defendant bears the burden of demonstrating such a "fair and just reason." United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998).  Three factors are relevant in evaluating whether a defendant has demonstrated a "fair and just reason:" "(1) whether the defendant asserts her innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).  We review the District

Court's decision not to grant a withdrawal of a guilty plea for abuse of discretion. Isaac, 141 F.3d at 485.

We consider first the innocence prong of the "fair and just reason" inquiry. Dowe does not assert he is innocent of the underlying charge of conspiracy to distribute and possess, with intent to distribute, cocaine. Instead, Dowe claims that he was not responsible for the quantity of cocaine to which he stipulated as part of his plea agreement. Dowe stipulated that, for purposes of sentencing, his "offense and all relevant conduct involved more than fifteen kilograms of cocaine, but less than fifty kilograms of cocaine." App. at 32. The District Court concluded that Dowe had not presented "credible evidence supporting [his assertion of innocence]." App. at 123.

This court has previously observed that "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw her guilty plea." Brown, 250 F.3d at 818. "'Assertions of innocence must be buttressed by facts in the record that support a claimed defense.'" Id. (alteration in original) (quoting United States v. Salgado-Ocampo, 159 F.3d 322, 326 (7th Cir. 1998)). In Brown, we held that a defendant who failed to "present[] any evidence that she did not" commit the crime to which she had pled guilty could not withdraw her plea. Id. The District Court did not err in determining that Dowe had not presented any compelling evidence supporting his claim that he was not responsible for the 15 to 50 kilograms of cocaine to which he stipulated. Although Dowe argues the District Court should have held an evidentiary hearing on that issue, he has failed to point to any witness or evidence which the District Court might more profitably have considered during such a proceeding.

We next consider Dowe's contention that he presented strong reasons for withdrawing his plea. Dowe suggests that he should be permitted to withdraw his plea because his decision to enter a plea of guilty was the result of inadequate representation by his prior counsel, Marc Neff, who negotiated the plea agreement. Although Dowe acknowledges that he did not object to the plea agreement at the plea hearing, he asserts that he first expressed his concerns shortly thereafter. As evidence of his unease, Dowe points to a letter from Neff written three days after the plea hearing in which Neff reassured Dowe that "you have not waived any rights with respect to appealing any issue relating to your sentencing." App. at 61. Dowe did not seek to withdraw his guilty plea until shortly after receiving the Pre-Sentence Report. App. at 99-100.

At his plea hearing, Dowe acknowledged under oath that he was "fully satisfied with the legal advice and representation [he] received in this case from Mr. Neff." App. at 44. He agreed that he had "an opportunity to read and discuss the plea agreement with Mr. Neff before [he] signed it." App. at 45. He conceded that he "underst[oo]d the terms of the plea agreement in this case." App. at 45. Finally, Dowe admitted that he "underst[oo]d that there are certain stipulations in this plea agreement which are contained in schedule A to the plea agreement." App. at 57. Given these circumstances, Dowe's proffered reason for withdrawing his guilty plea is not persuasive.

Finally, we turn to whether the government would have been prejudiced if the District Court had permitted Dowe to withdraw his plea. As the District Court observed:

To allow Dowe to withdraw his guilty plea now would force the government to reinvent the wheel, so to speak, because the charge against Dowe is essentially the same charge that was presented to this Court and a jury in a four week trial. The government would then be required to conduct a substantially similar trial involving many of the same witnesses.

App. at 124-25. Although Dowe suggests that the District Court might have avoided the necessity of retrying the case by allowing Dowe to litigate quantity alone, that also would have necessitated a retrial with some of the same witnesses. We cannot say the District Court abused its discretion in finding that the government would be prejudiced by permitting Dowe to withdraw his guilty plea.

Because the District Court did not err in determining Dowe failed to meet each of the three factors required to demonstrate a "fair and just reason" to withdraw his guilty plea, we conclude that the District Court did not abuse its discretion in denying his Fed. R. Crim. Proc. 32(e) motion.

                              II.
Dowe also argues that the District Court erred in denying him a downward adjustment for having played a lesser role in the offense under U.S.S.G. 3B1.2. We

review the District Court's factual findings for clear error and its legal interpretation of the Sentencing Guidelines de novo. United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001).

The relevant factors in determining whether a drug courier is entitled to a downward adjustment under U.S.S.G. 3B1.2 include "'the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" United States v. Isaza-Zapata, 148 F.3d 236, 239 (3d Cir. 1998) (alteration in original) (quoting United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991) (quoting United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990))).

Dowe purchased substantial quantities of cocaine and transported that cocaine back to Atlantic County. Dowe appears to have worked closely with those who organized the time, place and price of the cocaine purchases. Like the other coconspirators, Dowe sold the cocaine on returning to Atlantic County. Finally, Dowe was involved in the conspiracy for over four years.

Dowe's involvement as a trusted and experienced courier and seller of cocaine were important to the success of the conspiracy. His involvement in the conspiracy for over four years supports a determination that he was aware of the scope and the nature of the enterprise. The record supports the District Court's conclusion that Dowe did not merit a "mitigating role" adjustment pursuant to 3B1.2.

                              III.

For the reasons set forth, we will affirm the District Court's judgment of sentence.

_____

TO THE CLERK:

         Please file the foregoing opinion.


                    /s/ Dolores K. Sloviter_____
                         Circuit Judge