

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2006

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Thomas" (2006). *2006 Decisions.* Paper 1747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1317

_____

UNITED STATES OF AMERICA

v.

JAMES A. THOMAS
a/k/a Punkin

James A. Thomas,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00098)
District Judge: Honorable Gustave Diamond

_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: BARRY,  AMBRO and ALDISERT, Circuit Judges

(Filed January 17, 2006)

_____

OPINION

_____

AMBRO, Circuit Judge

James Thomas pled guilty to two drug charges and a firearms possession charge.

Before sentencing he moved to withdraw his guilty plea, but the District Court denied his motion. Although Thomas had made inculpatory statements after his arrest and in his plea colloquy, he now asserts his innocence. He also claims ineffective assistance of counsel, a claim that contradicts statements he made in the plea colloquy. The District Court did not abuse its discretion in denying Thomas's plea-withdrawal motions, so we affirm.

## I. Factual Background and Procedural History

Because we are writing solely for the parties, what follows is a summary of the relevant facts.

In October 2002 Allegheny County narcotics detectives searched Thomas's apartment pursuant to a search warrant. Finding no drugs in the apartment, they cut a padlock off the basement door and searched the basement. There they found evidence of drug activity: 600 stamp bags of heroin, several baggies of cocaine, two guns, drug paraphernalia, a digital scale, and cash.

The officers returned to Thomas's apartment and told him that he was under arrest. He initially denied knowledge of the drugs and guns. But when the officers found the key to the basement padlock hidden in his window blind, Thomas said, "Well, I guess that kind of makes your case, huh?" He then showed a willingness to take responsibility for the items found in the basement and described in detail the markings on the heroin bags and how he hid the digital scale. En route to the police station, Thomas claimed that he

2

was taking the rap for another but admitted that he owned one of the guns found in the basement.

In March 2003 a federal grand jury returned an indictment with three counts: possession with intent to distribute less than 100 grams of heroin, possession with intent to distribute less than 500 grams of cocaine, and possession of a firearm by a convicted felon. In April 2004 Thomas pled guilty to the three counts. After the plea colloquy, in which Thomas agreed that he could not withdraw the plea if he ended up disappointed with the ultimate guideline sentencing range, the District Court accepted his guilty plea.

Thomas's first court-appointed counsel withdrew, as did his second. With the assistance of his third, and current, attorney, he moved to withdraw his plea. The District Court denied this motion in December 2004. Thomas then filed *pro se* a second plea-withdrawal motion, which the Court also denied in January 2005.

Twelve days after his second motion was denied, Thomas was sentenced to 180 months imprisonment, followed by six years supervised release. He appeals the denials of his plea-withdrawal motions.[1]

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over this case under 18 U.S.C. § 3231 because

---

[1] Although his brief only discusses the two plea-withdrawal motions, Thomas's notice of appeal appears to appeal other orders, such as the two orders denying his motions for reconsideration of the denials of the plea-withdrawal motions. We affirm all of the orders appealed by Thomas.

Thomas was accused of offenses against the laws of the United States. As this is an appeal from a final judgment of conviction and sentence, we have appellate jurisdiction under 28 U.S.C. § 1291.

As noted, we review for an abuse of discretion the Court's denial of a pre-sentencing motion to withdraw a guilty plea. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

### III. Discussion

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a criminal defendant may withdraw a guilty plea after the court has accepted it, but before the sentence is imposed, if "the defendant can show a fair and just reason for requesting the withdrawal."[2] District courts must consider three factors when evaluating a plea-withdrawal motion: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252. Thomas bears the "substantial" burden of demonstrating his "fair and just" reason for withdrawal. *Id.* "'A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.'" *Id.* (quoting *United States v. Brown*, 250

---

[2] This provision was previously found in Federal Rule of Criminal Procedure 32 before the 2002 amendments of the Rules.

4

F.3d 811, 815 (3d Cir. 2001)).

With respect to the first factor, the District Court determined (in both the December and January denials of Thomas's plea-withdrawal motions) that he had not meaningfully reasserted his innocence. "Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." *Id.* Such assertions must be "buttressed by facts in the record that support a claimed defense." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) (internal quotation marks omitted). After a defendant enters a guilty plea, he "must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), *superseded on other grounds by statute as recognized in United States v. Roberson*, 194 F.3d 408 (3d Cir. 1999).

Thomas did not meaningfully reassert his innocence and provided only bald assertions of innocence. He claimed that the drugs were not his but failed to show that anyone else could have entered the basement; it was padlocked, and the key to the padlock was hidden in his apartment. In his plea colloquy, Thomas agreed that the Government's evidentiary summary was correct. Aside from a blanket statement of innocence, he cannot offer any other reason why he took contradictory positions in front of the District Court. It correctly determined in both the December and January denials that Thomas failed to reassert meaningfully his innocence.

For the second factor (his reasons for withdrawing the plea), Thomas asserts ineffective assistance of counsel. He claimed that his first appointed counsel was ineffective for (1) failing to challenge the authenticity of a judge's signature on a search warrant, (2) failing to call certain witnesses at the suppression hearing, and (3) failing to advise him properly on the Government's burden, the elements of the offenses, the indictment language, and the waiver of his rights. The District Court—correctly, we believe—twice found Thomas's claims of ineffective assistance lacking. Further, Thomas's claims are undermined by his statements at his plea colloquy that he was satisfied to have his lawyer represent him and that he understood the Government's burden, his waiver of rights, and the charges against him.

As for the third factor—prejudice to the Government—Thomas's arguments are unavailing. The Government does not have to show prejudice when the "defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Jones*, 336 F.3d at 255.

In his brief to our Court, Thomas cites an unpublished Third Circuit decision, *United States v. Dowe*, 41 Fed. Appx. 561 (3d Cir. 2002). Regardless of the fact that unpublished cases are not binding authority in this Court, *see* Third Circuit Internal Operating Procedure 5.7, *Dowe* does not adversely affect our disposition of this case. In *Dowe*, the defendant did not assert his innocence of a conspiracy-to-distribute charge; he merely disputed the quantity of the drugs to which he had stipulated. *Dowe*, 41 Fed.

6

Appx. at 561. We held that the District Court correctly found that (1) Dowe had not presented compelling evidence supporting this claim, (2) his ineffective-assistance claim was not persuasive, and (3) the Government would be prejudiced by permitting a plea withdrawal. *Id.* at 562–63. Thomas suggests that Dowe's not asserting his innocence changes the analysis of an ineffective-assistance claim, but we disagree; the two factors are separate. Thomas also claims that the Government would not be prejudiced here. But as noted above, the Government does not have to show prejudice because Thomas did not meet his burden on the other two factors.

## IV. Conclusion

We hold that the District Court twice correctly denied Thomas's motions to withdraw his guilty plea. We therefore affirm.